IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHERYNNE W. KENDRICK                                          PLAINTIFF/RESPONDENT

V.                        NO.  5:08-CV-05151-JLH

JUDGE STEPHEN THOMAS and
WARDEN JOHN A. MAPLES                                           DEFENDANT/PETITIONER

REPORT AND RECOMMENDATION

Before the undersigned for Report and Recommendation is the Petitioner's Habeas Corpus petition pursuant to  28 U.S.C. Section 2241 filed July 1, 2008. (Doc.1).  An order granting permission to proceed in forma pauperis was entered on July 24, 2008 but no service was directed. (Doc. 4)

**I. Background:**

The Petitioner is currently an inmate at the Arkansas Department of Correction, McPherson Women's Unit, under sentences from Benton County Circuit Court and Washington County Circuit Court for felony violations of the Arkansas Hot Check Law for check written in 2003. The Petitioner filed her first Habeas petition in regards to these two convictions on September 16, 2005. (**Kendrick v. Norris, 5:5-cv-05161-JLH**)   That petition was dismissed with prejudice on April 13, 2006. (Doc. 17)  The Petitioner filed her second Habeas petition under 28 U.S.C. Section 2241 on February 21, 2007 contending her innocence to the original hot check charge that she pleaded to in May of 2004 in case number 2004-393 in Benton County. (**Kendrick v. Norris, 5:07-cv-05030**) That petition was dismissed on May 30, 2007. (Doc. 10)

The Petitioner now brings this action under 28 U.S.C. Section 2241 claiming that the

conviction in April 2003 by the Siloam Springs Division of the Benton County District Court finding her guilty of a misdemeanor violation of the Arkansas Hot Check Law was unconstitutional because she did not write the checks.  (Doc. 1, page 1-2) The Petitioner does not state what sentenced was imposed by Judge Thomas who is the District Judge for the Siloam Springs Division of the Benton County District Court.  The court did contact the Siloam Springs District Court and obtained a copy of a 2001 conviction showing Petition guilty of misdemeanor hot checks and assessing fines and cost of $251.00.   The court was informed by the Siloam Springs clerks office that the 2001 conviction was the only conviction that the Petitioner had.

The Petitioner claims that she appealed the decision of the District Court but listed the appeals court as the Siloam Springs District Court. (Doc. 1, page 3) It does not appear that the Petitioner ever appealed her conviction to the Benton County Circuit Court and the court was informed that the 2001 conviction was not appealed and that all fines and costs have been paid.

**II. Discussion:**

The  Petitioner has styled her habeas petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241. If the Petitioner is "in custody" pursuant a judgment of a state court, she can only obtain habeas relief through [28 U.S.C.] § 2254 , no matter how her pleadings are styled. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir.2001).

A.  Custody:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. section 2254(a)

It does not appear that petitioner is in custody on the sentence imposed by State District Judge Thomas. The Petitioner is incarcerated at the Arkansas Department of Correction for two felony convictions for violation of the Arkansas Hot Check Law. One is case number CR-2002-480 from Benton County and the other is case number CR-2003-1723 from Washington County. She received a sentence of 120 months on the Benton County charge and 36 months on the Washington County charge. The maximum sentence that Judge Thomas could have imposed on the misdemeanor charge would have been one year, (Ark. Code Anno., section 5-4-401 (b)(1)) and any jail time would have been satisfied by the sentence the petitioner received to the Arkansas Department of Correction in a subsequent felony conviction. (Ark. Code Anno., section 5-4-403 (c)(1)) It appears that the fine on the 2001 case in the Siloam Spring District Court has been paid but the court will accept the Petitioner's pleading asserting that there is a 2003 conviction on which a fine/restitution is still pending. Even if the defendant were in custody for purposes of the statute the petition would still fail for the reasons stated below.

B: Exhaustion of State Remedies:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)

(I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. section 2254(b)

According to the petition the District Court imposed sentence on the petitioner on April 1,

2003 after a bench trial. (Doc. 1, page 3) The Petitioner had a right to appeal the decision of the District Court to the Benton County Circuit Court. See ARCr.P, Rule 36(a)  While the Petitioner states  that she did appeal the District Judges decision (Doc. 1, page 3) there is no indication that she did so.  Any appeal to the Benton County Circuit Court would have been tried de novo in the circuit court as if no judgment had been entered. See ARCr.P, Rule 36(g) The appeal to have been effective would have had to have been filed within 30 days of April 1, 2003.  See ARCr.P, Rule 36(b) The clearest evidence that no appeal was taken is that the Petitioner is complaining about the acts of the state District Judge and not the state Circuit Judge.

      C.  Statute of Limitations:

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). The time during which a "properly filed" application for state post conviction relief is pending tolls the limitation period, however. 28 U.S.C. § 2244(d)(2). *Jackson v.  Ault*, 452 F.3d 734,C.A.8 (Iowa),2006.

      As stated above the Petitioner's appeal would have had to have been filed within 30 days of April 1, 2003.  See ARCr.P, Rule 36(b) Since there is no evidence of appeal the judgment became final for the purposes of the running of the statute of limitations on May 1, 2003.  Any habeas petition would have to have been filed on or before May 1, 2004.

      There is no evidence that any properly filed application for state post conviction relief was filed and the petitioner states that none was filed. (Doc. 1, page 2) An application under Rule 37 would apply only if the petitioner were in custody under sentence of a circuit court, (See ARCr.P, Rule 37.1(a)) therefore, Rule 37 relief would not have been available to the Petitioner.

The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir.2003)

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where **extraordinary** circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002). The Petitioner has not asserted any such grounds as the basis for her failure to properly file the petition and has only claimed that she was unfamiliar with the law. (Doc. 1, page 2)

The Petitioner has asserted an actual innocence claim. An actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quotation omitted). To establish a valid claim of actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence ... that was not presented at trial," and demonstrate "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 324, 327, 115 S.Ct. 851. This standard is strict; a party generally cannot demonstrate actual

innocence where there is sufficient evidence to support a conviction. See *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002) (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir.2001)).

The sort of evidence that cannot be used for a Schlup gateway claim includes "evidence [that] could have been discovered earlier in the exercise of due diligence." *Cornell v. Nix*, 976 F.2d 376, 380 (8th Cir.1992) (en banc); accord *Meadows v. Delo*, 99 F.3d 280, 282 (8th Cir.1996).

Schlup allows a petitioner to raise a "gateway claim of actual innocence," *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir.2001), that, if established, will allow him to present otherwise procedurally defaulted claims to the federal habeas court. But the Schlup standard is quite high; the petitioner must come forward with new reliable evidence that was not available at trial, id., and he must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327, 115 S.Ct. 851 (adopting the *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), standard).

It is clear that all of the Petitioner's claims are based upon facts that were readily available at the time of plea.  Her contention that someone else actually wrote the checks could have been presented at trial had the Petitioner so elected.

**III. Conclusion:**

Based upon the forgoing the court finds that the claim, filed under 28 U.S.C. Section 2254, is barred because the Petitioner is not in custody, did not exhaust her state remedies and by the limitations set forth in 28 U.S.C. 2244 (d) and should be  be dismissed with prejudice and

that no service should be issued.

The Petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

Dated this 25th day of July 2008

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE